Michael Delikat
James H. McQuade
Renee Phillips
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
(212) 506-5000

Attorneys for Defendants Wyeth, Inc. and Wyeth Pharmaceuticals, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY M. SOKOL,

    Plaintiff,

v.

WYETH, INC. and WYETH PHARMACEUTICALS, INC.,

    Defendants.

07-CV-8442 (SHS)

**ANSWER**

Defendants Wyeth, Inc. and Wyeth Pharmaceuticals, Inc. (collectively "Defendants"), by their undersigned attorneys, hereby answer the numbered paragraphs of the Complaint (the "Complaint") filed by Plaintiff Anthony M. Sokol ("Sokol") and assert other defenses, as follows:

1. Defendants admit that the Complaint purports to assert claims for alleged violations of 18 U.S.C. § 1514A and 42 U.S.C. § 12117(a), but Defendants deny all violations, liability, and damages under such claims. Defendants further admit that the Complaint purports to allege that Sokol was discriminated against by the suspension of, and the termination of, his employment, but Defendants deny that Sokol was discriminated against in any way. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 1.

2. Defendants deny the allegations in paragraph 2.

3.  Defendants deny the allegations in paragraph 3.

4.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 4. Defendants admit that Sokol was hired on March 3, 2003 into the position of Manufacturing Scientist for Wyeth Pharmaceuticals, an unincorporated division of Wyeth, and that Sokol was employed at Pearl River, New York. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 4.

5.  Defendants admit that Wyeth and Wyeth Pharmaceuticals, Inc. are Delaware corporations, that Wyeth's principal place of business is located at Five Giralda Farms, Madison, New Jersey, and that Wyeth is a publicly traded corporation. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 5.

6.  Defendants admit that the Complaint seeks to invoke this Court's subject matter jurisdiction under 28 U.S.C. §§ 1331 based on purported federal questions under the Sarbanes-Oxley Act, 18 U.S.C. § 1514A, and the Americans with Disabilities Act, 42 U.S.C. § 12117(a).

7.  The allegations in paragraph 7 constitute legal conclusions that need not be admitted or denied. In the event that such allegations must be admitted or denied, Defendants admit that Sokol filed a complaint with the United States Department of Labor, alleging a violation of the Sarbanes-Oxley Act, which complaint was dismissed with prejudice. Defendants admit that the Equal Employment Opportunity Commission issued Sokol a right to sue letter. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 7.

8.  Defendants admit that the Complaint seeks to invoke venue under 28 U.S.C. § 1391 and that Wyeth has offices in and/or operates in the Southern District of New York. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 8.

9. Defendants admit that, in or about 1999, Wyeth began to build product inventory for the launch of Prevnar®, a vaccine for the prevention of childhood diseases, and Defendants admit that Prevnar® is manufactured at Wyeth's Pearl River, New York and Sanford, North Carolina facilities. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 9.

10. Defendants admit the allegations in paragraph 10.

11. Defendants admit that Prevnar® is widely recommended for every newborn infant by physicians and the Center for Disease Control, that the Advisory Committee on Immunization Practice ("ACIP") has approved the use of Prevnar®, and that the United States government is a primary purchaser of Prevnar®. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 11.

12. Defendants deny the allegations in paragraph 12.

13. Defendants admit that, since its introduction to the market, Prevnar® sales have grown steadily. Defendants further admits that Prevnar® is a major product of Wyeth among many products whose sales have exceeded $1 billion. Defendants admit that Wyeth has filed public reports with the Securities and Exchange Commission, and Defendants respectfully refer the Court to those documents for the contents of those documents. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 13.

14. Defendants admit that certain corporate predecessors and individuals entered into a Consent Decree with the FDA in October 2000 in a case in the United States District Court for the Middle District of Tennessee under case number 3:00-CV-359, and Defendants respectfully refer the Court to that document for the contents of that document. The remaining allegations in the Complaint constitute legal conclusions that need not be admitted or denied. In the event that

such allegations must be admitted or denied, Defendants deny the remaining allegations in paragraph 14.

15. Defendants admit that Sokol submitted to certain Wyeth managers the document attached to the Complaint as Attachment A, and Defendants respectfully refer the Court to that document for the contents of that document. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 15.

16. Defendants deny the allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. Defendants admit that Sokol submitted to certain Wyeth managers the document attached to the Complaint as Attachment A, and Defendants respectfully refer the Court to that document for the contents of that document. To the extent Sokol seeks to incorporate Attachment A herein, Defendants deny the allegations in Attachment A. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 18.

19. Defendants admit that Sokol submitted to certain Wyeth managers the document attached to the Complaint as Attachment A, and Defendants respectfully refer the Court to that document for the contents of that document. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 19.

20. Defendants deny the allegations in paragraph 20. To the extent Sokol seeks to incorporate Attachment B herein, Defendants deny the allegations in Attachment B.

21. Defendants deny the allegations in paragraph 21.

22. Defendants deny the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 34. Defendants deny the allegations in the second sentence of paragraph 34.

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

38. Defendants deny the allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. Defendants admit that Sokol received a telephone call on or about September 23, 2005 informing him that his employment had been terminated. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 40. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 40.

41. Defendants admit that Sokol purports to reallege paragraphs 1 through 40, and Defendants reassert their responses to the same as stated above.

42. Defendants deny the allegations in paragraph 42.

43. The allegations in the first sentence of paragraph 43 constitute legal conclusions that need not be admitted or denied. In the event that such allegations must be admitted or denied, Defendants deny those allegations and deny the remaining allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. The allegations in the first and second sentences of paragraph 45 constitute legal conclusions that need not be admitted or denied. In the event that such allegations must be admitted or denied, Defendants deny those allegations and deny the remaining allegations in paragraph 45.

46. The allegations in the second sentence of paragraph 46 constitute legal conclusions that need not be admitted or denied. In the event that such allegations must be admitted or denied, Defendants deny the allegations in the second sentence of paragraph 46 and deny the remaining allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

49. Defendants admit that Sokol purports to reallege paragraphs 1 through 48, and Defendants reassert their responses to the same as stated above.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51.

52. Defendants admit that Sokol returned to work on or about September 12, 2005, after Wyeth received a medical release stating that Sokol was fit to return to work and upon

review by a company doctor and/or nurse. Defendants further admit that Sokol was suspended on or about September 19, 2005, and that his employment was terminated on or about September 23, 2005. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

54. Defendants deny that Sokol is entitled to any of the relief requested in paragraph 54.

## ADDITIONAL DEFENSES

### First Defense

Sokol fails to state a claim upon which relief can be granted.

### Second Defense

Some or all of Sokol's claims are barred by the applicable statute(s) of limitations.

### Third Defense

Some or all of Sokol's claims are barred by the applicable agency filing deadlines.

### Fourth Defense

Some or all of Sokol's claims are barred by the doctrines of waiver and laches.

### Fifth Defense

Some or all of Sokol's claims are barred due to his failure to perform procedural prerequisites.

### Sixth Defense

Some or all of Sokol's claims are barred to the extent he has not exhausted his administrative remedies.

### Seventh Defense

Some or all of Sokol's claims are barred to the extent that they exceed the scope of the

OHS East:160344992.2

charge he filed with the Equal Employment Opportunity Commission and/or his complaint with the United States Department of Labor.

### Eighth Defense

Some or all of Sokol's claims are barred by Sokol's failure to mitigate his damages, if any.

### Ninth Defense

Sokol's claim under the Sarbanes-Oxley Act is barred because, even if Sokol had engaged in protected activity under the Sarbanes-Oxley Act (which Defendants deny), Defendants would have taken the same alleged adverse employment actions in the absence of any protected activity.

Defendants reserve the right to assert additional affirmative defenses upon the discovery of facts not presently known.

WHEREFORE, having fully answered, Defendants respectfully request that this Court dismiss this action in its entirety with prejudice, award Defendants their costs and fees, and award such other relief as it deems just and proper.

DATED: New York, New York
December 3, 2007

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP
Michael Delikat
James H. McQuade
Renee Phillips
666 Fifth Avenue
New York, New York 10103
(212) 506-5000

Attorneys for Defendants Wyeth, Inc. and Wyeth Pharmaceuticals, Inc.